IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Wayne Smith, ) | C/A No. 0:10-14-JMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Warden of Turbeville Correctional Institution, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

The petitioner, Wayne Smith ("Smith"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the respondent's motion for summary judgment. (ECF No. 16.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (ECF No. 18.) Smith filed a response in opposition to the respondent's motion. (ECF No. 20.) Having carefully considered the parties' submissions and the record in this case, the court finds that Smith's Petition is barred by 28 U.S.C. § 2244(d) as untimely.

**BACKGROUND**

Smith was indicted in April 1998 in Dorchester County for armed robbery (98-GS-18-0541), entering a bank to steal (98-GS-18-0542), possession of a firearm during the commission of a violent crime (98-GS-18-0543), carrying a pistol (98-GS-18-0544), and pointing a firearm (98-GS-18-0545). (App. Vol. I at 452-64, ECF No. 17-4 at 67-79.) Smith was represented by Marva Hardee-Thomas, Esquire, and on December 7-8, 1998 was tried by a jury and found guilty as charged. (App. Vol. I at 439, ECF No. 17-4 at 54.) The circuit court sentenced Smith to thirty years' imprisonment for

armed robbery, thirty years' imprisonment for entering a bank to steal, five years' imprisonment for possession of a firearm during commission of a violent crime, one year imprisonment for carrying a pistol, and five years' imprisonment for pointing a firearm, all sentences to run concurrently. (App. Vol. I at 450, ECF No. 17-4 at 65.)

Smith appealed and was represented by Daniel T. Stacey, Esquire, Chief Attorney for the South Carolina Office of Appellate Defense. On September 18, 2000, the South Carolina Court of Appeals affirmed Smith's conviction. (State v. Smith, 00-UP-559 (S.C. Ct. App. Sept. 18, 2000), App. Vol. I at 465-66, ECF No. 17-4 at 80-81.) The remittitur was issued on October 4, 2000. (ECF No. 17-9.)

On February 2, 2001, Smith filed a *pro se* application for post-conviction relief ("2001 PCR Action"). (Smith v. State of South Carolina, 01-CP-18-114, App. Vol. I at 467-78, ECF No. 17-4 at 82-93.) Smith, represented by counsel, Jack Swan, Esquire, filed two amendments to his PCR application. On March 6, 2003, the PCR court held an evidentiary hearing at which Smith was present and testified on his own behalf. (App. Vol. II at 532-62, ECF No. 17-5 at 32-62.) The PCR court denied and dismissed Smith's application with prejudice by order filed September 10, 2003. (App. Vol. II at 563-68, ECF No. 17-5 at 63-8.) Smith did not appeal the denial of his 2001 PCR Action.

Smith filed a second PCR application on May 4, 2004 ("2004 PCR Action"). (Smith v. State of South Carolina, 04-CP-18-775, App. Vol. II at 569-81, ECF No. 17-5 at 69-81.) The State filed a return and motion to dismiss. (App. Vol. II at 582-88, ECF No. 17-5 at 82-88.) On January 18, 2006, the PCR court held an evidentiary hearing at which Smith was represented by Peter Shelbourne, Esquire. (App. Vol. II at 589-94, ECF No. 17-5 at 89-94.)

By order filed March 31, 2006, the PCR judge gave Smith leave to file a belated petition to seek appellate review of his 2001 PCR Action pursuant to Austin v. State[1] but denied and dismissed Smith's 2004 PCR application as successive and untimely under the Uniform Post-Conviction Procedure Act, S.C. Code Ann. § 17-27-45(a), -90. (App. 595-600, ECF No. 17-5 at 95-100.)

Smith appealed and was represented by Appellate Defender Kathrine Hudgins, Esquire, who filed a petition for a writ of certiorari on Smith's behalf. (ECF Nos. 17-12 & 17-13.) Additionally, counsel for Smith filed a petition for a writ of certiorari pursuant to Austin v. State. (ECF No. 17-15.) The State filed returns to both petitions. (ECF Nos. 17-14 & 17-16.) On December 17, 2008, the South Carolina Supreme Court issued an order in which it granted the petition for a writ of certiorari pursuant to Austin v. State and, after Austin review, denied Smith's petition for a writ of certiorari from the final order in the 2001 PCR Action. (ECF No. 17-17.) The remittitur was issued January 5, 2009. (ECF No. 17-18.) Smith filed the instant Petition for a writ of habeas corpus on December 23, 2009.[2] (ECF No. 1.)

---

[1] Austin v. State, 409 S.E.2d 395 (S.C. 1991). "Under Austin, a defendant can appeal a denial of a PCR application after the statute of limitations has expired if the defendant either requested and was denied an opportunity to seek appellate review, or did not knowingly and intelligently waive the right to appeal." Odom v. State, 523 S.E.2d 753 (S.C. 1999); see also King v. State, 417 S.E.2d 868 (S.C. 1992) (explaining the appellate procedure in an Austin matter).

[2] There is no stamp from the prison mailroom on the envelope containing the Petition. However, based on the return address and the postmark zip code, it appears that this Petition was mailed from the prison. Therefore, this date reflects the date that the envelope was postmarked, which is also the date that the Petition was signed. See Houston v. Lack, 487 U.S. 266 (1988) (stating that a prisoner's pleading is filed at the moment of delivery to prison authorities for forwarding to the district court).

## DISCUSSION

A.  **Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of

*PJG*

a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.      Statute of Limitations**

The respondent argues that Smith's Petition is untimely under the one-year statutory deadline set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1). The one-year time period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Smith filed a direct appeal, his conviction became final on October 4, 2000, the date the South Carolina Court of Appeals entered the remittitur.[3] See Rules 203(b)(2), 221, & 242, SCACR. Accordingly, the limitations period began to run on October 5, 2000 and expired on October 4, 2001, unless the period was at any time tolled for any properly filed state PCR application. 28 U.S.C. § 2244(d)(2); see also Hernandez v. Caldwell, 225 F.3d 435, 438-39 (4th Cir. 2000) (applying the anniversary date method in calculating the one-year limitation period in § 2244 and concluding that "the actual count on the limitations period began on April 25, 1996, and ended on April 24, 1997, excluding any time tolled").

Smith filed his first state PCR application on February 5, 2001. At that point, 124 days of non-tolled time had accrued since the period of limitations began to run. The period of limitations

---

[3]Because Smith did not seek certiorari from the South Carolina Supreme Court, he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court. See Hammond v. Hagan, C/A No. 4:07-1081-JFA, 2008 WL 2922860, *3 (D.S.C. July 24, 2008) (holding that because the petitioner did not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court"); see also 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari . . . ."); U.S. Sup. Ct. R. 10(b) (stating that certiorari is considered where "state court of last resort" has decided an important federal question); U.S. Sup. Ct. R. 13 (stating that the time period for a petition for a writ of certiorari is 90 days from the decision or judgment of a state court of last resort).

was tolled during the pendency of the 2001 PCR Action. The PCR court's order denying Smith's petition was filed on September 10, 2003, and mailed to counsel on September 16, 2003. (ECF Nos. 17-5 at 63-8 & 17-11.) As no appeal was filed from this order, this decision became final thirty days after receipt of notice of the entry of the order pursuant to Rule 203(b)(1), SCACR.

Smith filed a second PCR Application on May 4, 2004. In his 2004 PCR Action, Smith was granted a belated appeal pursuant to Austin from his 2001 PCR application, thereby tolling the statute of limitations during the pendency of this appeal until no later than January 5, 2009, when the South Carolina Supreme Court issued the remittitur from its order conducting review of the circuit court's order denying Smith's claims in his 2001 PCR Action and denying certiorari review of that order. Smith's federal Petition was filed on December 23, 2009, well beyond the expiration of the one-year limitations period under § 2244(d)(1)(A).[4]

**C.      Smith's Arguments**

The majority of Smith's response in opposition to the respondent's motion for summary judgment presents arguments pertaining to the merits of his Petition. (ECF No. 20.) However, in an attachment to his response, Smith does appear to make two arguments addressing the respondent's argument that Smith's federal Petition was untimely filed. (Id. at 17.) First, Smith argues that he had no knowledge of the statute of limitations. Second, Smith alleges that based on information he received from appellate PCR counsel, he believed that he had a year from the date of the South Carolina Supreme Court's denial of his petition for a writ of certiorari in which to file his federal habeas petition.

---

[4]It is questionable whether the fact that Smith was granted a belated PCR appeal would entitle him to toll the time between the PCR actions. See, e.g., Gambrell v. Warden, MCCI, C/A No. 4:09-329 DCN, 2010 WL 883008, *8 n.8 (D.S.C. Mar. 8, 2010) (unpublished). The court need not address this question, however, because even if that time were tolled Smith's federal Petition is still untimely.

To avoid application of § 2244(d) regarding the timeliness of the instant federal habeas Petition, Smith must show that the one-year limitations period should be equitably tolled under applicable federal law. See Holland v. Florida, 130 S. Ct. 2549 (2010) (concluding that § 2244(d) is subject to the principles of equitable tolling); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000) (same). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (citation omitted). Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." Rouse v. Lee, 339 F.3d 238 (4th Cir. 2003) (internal quotation marks and citation omitted); see also United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004). Thus, to be entitled to equitable tolling, an otherwise time-barred petitioner must present: "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." Rouse, 339 F.3d at 246.

The court finds that the facts and circumstances in this case do not constitute the type of extraordinary circumstances justifying equitable tolling. Smith acknowledges "the lateness of filing this habeas corpus relief," but states that he "was not aware of the A.E.D.P.A. one-year limitation statute." (ECF No. 20 at 17.) Additionally, he alleges that, based on information received from his attorney, he misunderstood the deadline for filing his federal habeas petition. Lack of knowledge of the law and attorney error are generally not considered extraordinary circumstances that justify equitable tolling. See Holland, 130 S. Ct. at 2564 (holding that although extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, a " 'garden variety claim' of attorney negligence" does not warrant tolling); United States v. Sosa, 364 F.3d at 512

("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Jones v. South Carolina, C/A No. 4:05-2424-CMC-TER, 2006 WL 1876543, *3 (D.S.C. June 30, 2006) (unpublished) ("Other courts addressing equitable tolling have found that 'extraordinary circumstances' are *not*: having an inadequate law library, attorney error, claims of actual innocence, reliance on other inmates' advice, ignorance of the AEDPA filing deadline, or even (in some instances) petitioner illness.") (emphasis in original); see also Lawrence v. Florida, 549 U.S. 327, 336-37 (2007) (stating that attorney error does not "warrant equitable tolling, particularly in the post-conviction context where prisoners have no constitutional right to counsel"); Cross-Bey v. Gammon, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where a petitioner alleged lack of legal knowledge or legal resources).

## RECOMMENDATION

Smith's Petition was not timely filed and is therefore barred by § 2244(d). Accordingly, the court recommends that the respondent's motion for summary judgment (ECF No. 16) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

August 24, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).