# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## ROCK HILL DIVISION

| | | |
|---|---|---|
| Wayne Smith, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No.: 0:10-cv-00014-JMC |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Warden of Turbeville | ) | |
| Correctional Institution, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the court on *pro se* Petitioner Wayne Smith's ("Smith") Petition for Writ of Habeus Corpus [Doc. # 1] under 28 U.S.C. § 2254. Smith is a South Carolina state prisoner, currently serving a thirty (30) year sentence for armed robbery, a thirty year (30) sentence for entering a bank to steal, a five (5) year sentence for possession of a firearm during commission of a violent crime, a one (1) year sentence for carrying a pistol, and a five (5) year sentence for pointing a firearm, all sentences to run concurrently. On May 14, 2010, the Warden of Turbeville Correctional Institution ("Respondent") filed a Motion for Summary Judgment [Doc. # 16], and Smith filed a Response in opposition to the Respondent's Motion for Summary Judgment on June 17, 2010. [Doc. # 20].

The Magistrate Judge's Report and Recommendation [Doc. # 23], filed on August 25, 2010, recommends that Respondent's Motion for Summary Judgment [Doc. # 16] be granted. The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those

1

portions of the Report and Recommendation to which specific objections are made, and the court

may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or

recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

## DISCUSSION

Smith is a *pro se* state prisoner petitioning for a writ of habeas corpus under 28 U.S.C. §

2254.  Specifically, ineffective assistance of trial counsel constitutes the two grounds upon which

Smith bases his petition.  [Doc. # 1, at 5-7].

After receiving the Magistrate Judge's Report and Recommendation on the pending motions,

Plaintiff timely filed objections.  Objections to the Report and Recommendation must be specific.

Failure to file specific objections constitutes a waiver of a party's right to further judicial review,

including appellate review, if the recommendation is accepted by the district judge.  *See United*

*States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to

the Magistrate Judge's Report and Recommendation, this court is not required to give any

explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.

1983).

Smith makes two specific objections [Doc. # 25, at 2] to the Magistrate Judge's Report and

Recommendation.  In his first objection, Smith appears to take issue with the Magistrate Judge's

analysis of the statute of limitations as set forth in 28 U.S.C. § 2244(d)(1)(A) as it applies to the facts

of this case.  It seems that the crux of Smith's first objection is that if he were given a "credit" of

ninety (90) days under *Austin v. State*, 409 S.E.2d 395 (S.C. 1991) during the pendency of his

second post-conviction relief ("PCR") petition, then the statute of limitations would have been tolled

during that period thereby rendering his petition for the writ of habeas corpus timely.

In his second objection, Smith argues that he "had no knowledge of the statute of limitations"

and that based on what he alleges was erroneous information from his attorney, he thought that he

had until January 5, 2010 to file his petition for writ of habeas corpus.  This date would have been

one year from the date (January 5, 2009) on which the South Carolina Supreme Court issued a

remittitur from its order conducting review of the South Carolina Circuit Court's order denying

Smith's claims in his 2001 PCR action.

Smith's first objection is overruled because, as the Magistrate Judge correctly noted based on her analysis of the statute of limitations as it applies to this case, Smith's petition of December 23, 2009 would still be untimely even if "Smith's . . . belated PCR appeal would entitle him to toll the time between the PCR actions." [Doc. # 23, at 6, n.4].  Based on this court's calculations, as of May 4, 2004 when Smith filed his second PCR petition and was granted a belated appeal from his 2001 PCR petition, Smith had one month remaining after the South Carolina Supreme Court's January 5, 2009 order to file the instant petition.  Smith filed his petition on December 23, 2009; therefore, his petition was untimely.

Smith's second objection is overruled for the reasons the Magistrate Judge stated in her Report and Recommendation.  The Magistrate Judge noted that under *Holland v. Florida,* 130 S. Ct. 2549 (2010), "[t]o avoid application of § 2244(d) regarding the timeliness of the instant federal habeus Petition, Smith must show that the one-year limitations period should be equitably tolled under applicable federal law." [Doc. # 23, at 7].  Equitable tolling requires that "a litigant . . . bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).  In his response to the motion for summary judgment, Smith was frank in acknowledging that his petition was untimely. [Doc. # 20, at 17].  Therefore, Smith is not entitled to equitable tolling for failure to establish diligent pursuit of his rights. *See Pace*, 544 U.S. at 418.  Moreover, relying on *Holland*, the Magistrate Judge concluded that "[l]ack of knowledge of the law and attorney error are generally not considered extraordinary circumstances that justify equitable tolling." [Id.]  This court agrees with the Magistrate Judge's conclusion.

After a thorough review of the Report and Recommendation and the record in this case, the court adopts the Magistrate Judge's Report and Recommendation [Doc. # 23] and incorporates it herein.  It is therefore **ORDERED** that Respondent's Motion for Summary Judgment [Doc. # 16] is **GRANTED**.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a

substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or

issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists

would find this court's assessment of his constitutional claims is debatable or wrong and that any

dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell*,

537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676,

683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability

has not been met.  Therefore, a certificate of appealability is **DENIED**.

    **IT IS SO ORDERED.**

        s/ J. Michelle Childs

        United States District Judge

Greenville, South Carolina
January 28, 2011

4